Rafael C. Rodriguez
State Bar No. 24081123
WINSTEAD PC
300 Throckmorton Street
Suite 1700
Fort Worth, Texas 76102
Telephone: (817) 420-8200
Facsimile: (817) 420-8201
rrodriguez@winstead.com

Bill Warren
State Bar No. 00786331
Ryan Roper
State Bar No. 24098347
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280
bill.warren@kellyhart.com
ryan.roper@kellyhart.com

Jeff P. Prostok
State Bar No. 16352500
Matthias Kleinsasser
State Bar No. 24071357
FORSHEY & PROSTOK LLP
777 Main St., Suite 1290
Fort Worth, Texas  76102
Telephone:  817-877-8855
Facsimile:  817-877-4151
jprostok@forsheyprostok.com
mkleinsasser@forsheyprostok.com

*Attorneys for Plaintiffs*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| TOTAL DIAGNOSTIX LABS, LLC | § | Chapter 11 Case |
| f/k/a CQUENTIA SERIES, LLC, | § | |
| | § | Case No. 18-40938-rfn11 |
| Debtor. | § | |
| | | |
| CQUENTIA SERIES, LLC and | § | |
| HTG SERIES, A SERIES DECLARED | § | |
| BY CQUENTIA SERIES, LLC, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Adversary Case No. 18-04094-rfn |
| | § | |
| CHANNEL (H), INC. and ROBERT | § | |
| CAPELLI, | § | |
| | § | |
| Defendants. | § | |

**MOTION FOR EXPEDITED SETTING ON
PLAINTIFFS' MOTION FOR DISMISSAL WITHOUT PREJUDICE**

Total Diagnostix Labs, LLC f/k/a CQuentia Series, LLC (the "Debtor") and HTG Series, a Series Declared by CQuentia Series, LLC ("HTG" and, together with the Debtor, "Plaintiffs") filed their *Motion for Expedited Setting on Plaintiffs' Motion for Dismissal without Prejudice* and show:

**SUMMARY**

Plaintiffs commenced this lawsuit prepetition in state court. Channel (H) and Robert Capelli (together, "Defendants") removed it to the U.S. District Court for the Northern District of Texas. Initially, this lawsuit was pending before the Honorable John McBryde. The same day Defendants removed this lawsuit, they filed a separate proceeding against Plaintiffs in the Northern District of Texas based on the same underlying dispute (the "Parallel Proceeding"). The Parallel Proceeding is before the Honorable Reed O'Connor.

On March 7, 2018, the Debtor filed its Chapter 11 bankruptcy petition. The Debtor intends to use the Chapter 11 process to determine how best to reorganize and to ensure that some creditors do not use litigation tactics to obtain a "leg up" on other creditors. To enable the Debtor to obtain a breathing spell with respect to all litigation, Plaintiffs quickly moved to dismiss this lawsuit without prejudice (the "Dismissal Motion"). Defendants, however, objected to dismissal unless Plaintiffs respond to their discovery requests. By Defendants' admission, these discovery requests are virtually identical to their discovery requests in the Parallel Proceeding, which remains stayed by 11 U.S.C. § 362(a)(1). After the parties briefed the voluntary dismissal issue, Judge McBryde referred the lawsuit to bankruptcy court pursuant to the Standing Order of Reference. As a result, the Dismissal Motion is now pending before this Court.

Plaintiffs' responses to Defendants' discovery requests are due on April 11. Therefore, Plaintiffs request that the Dismissal Motion be heard on an expedited basis and no later than Thursday, March 29, 2018. If it is not, Plaintiffs will be forced to respond to Defendants' discovery – or at least incur substantial attorneys' fees preparing to respond to it – prior to obtaining a ruling on their dismissal request. Such a result would put the cart before the horse, to say nothing of forcing the Debtor to incur administrative expenses unnecessarily.

Accordingly, the Debtor's request for an expedited setting should be granted.

## PROCEDURAL BACKGROUND

1. Plaintiffs commenced this lawsuit in Texas state court on September 28, 2017. Plaintiffs asserted a declaratory judgment claim, a breach of contract claim, and a fraud claim against Defendants related to various agreements between the parties.

2. On November 14, 2017, Defendants removed this lawsuit to the U.S. District Court for the Northern District of Texas. [Dist. Ct. Dkt. 1; Adv. Dkt. 3, Part 1].[1] That same day, Defendants filed the Parallel Proceeding before Judge O'Connor in the same district.[2]

3. Defendants admit that the issues in this lawsuit and in the Parallel Proceeding are substantially the same. *See Defendants' Response to Motion for Voluntary Dismissal without Prejudice* [Dist. Ct. Dkt. 43; Adv. Dkt. 7, Part 3] ("Response to Dismissal Motion") ¶ 19 ("[T]he issues raised in both actions are substantially the same.").

4. On March 12, 2018, Defendants served written discovery on Plaintiffs in this lawsuit. As Defendants' concede, these discovery requests are nearly identical to the discovery requests they served in the Parallel Proceeding prior to that lawsuit being stayed by the Debtor's Chapter 11 case. *See* Response to Dismissal Motion ¶ 19 ("Defendants' Document Requests served on Plaintiffs on March 12, 2018, are virtually identical to the ones served by Channel (H) in the Related Action[.]"). Plaintiffs' responses to the discovery served in this lawsuit are due on April 11, 2018.

5. On March 7, 2018, the Debtor commenced its Chapter 11 case. Due to the

---

[1] The term "Dist. Ct. Dkt." refers to docket entries in this lawsuit when it was pending before Judge McBryde as Civil Case No. 4:17-cv-00919-A. The term "Adv. Dkt." refers to the docket entry in this adversary proceeding as docketed in this Court.

[2] The case number for the Parallel Proceeding is 4:17-cv-00916-O.

automatic stay imposed by section 362(a)(1) of the Bankruptcy Code, the Parallel Proceeding was administratively closed. [Case No. 4:17-cv-00916-O, Dkt. 41].

6. On March 15, 2018, Plaintiffs filed the Dismissal Motion, seeking to voluntarily dismiss this lawsuit. [Dist. Ct. Dkt. 40].

7. On March 16, 2018, Defendants' filed their Response to Dismissal Motion. In their response, Defendants requested that Judge McBryde either order Plaintiffs to respond to discovery prior to dismissing this lawsuit, or that dismissal be with prejudice. Response to Dismissal Motion ¶ 20.

8. On March 21, 2018, Plaintiffs filed a reply brief to Defendants' Response to Dismissal Motion [Dist. Ct. Dkt. 46; Adv. Dkt. 7, Part 6] ("Reply Brief"). Plaintiffs pointed out that Defendants were attempting to collect information to support their claims in the Parallel Proceeding by requesting that dismissal be conditioned on responding to discovery. Any act to collect a claim against the Debtor violates section 362(a)(6) of the Bankruptcy Code. Reply Brief ¶¶ 15-16.

9. Later that day, Judge McBryde referred this lawsuit to this Court pursuant to the Standing Order of Reference. [Dist. Ct. Dkt. 47; Adv. Dkt. 2, Part 1].

## ARGUMENTS AND AUTHORITIES

The Court should hear the Dismissal Motion on an expedited basis and no later than Thursday, March 29, 2018. If it is not heard by that date, Plaintiffs will suffer prejudice for several reasons.

First, requiring Plaintiffs to respond to discovery would eliminate the breathing spell the Debtor sought when it filed its Chapter 11 case and voluntarily moved to dismiss this lawsuit. The Debtor intends to use the Chapter 11 process to reorganize its business and to ensure that no

creditor obtains an advantage over other creditors through litigation. If the Debtor is immediately forced to respond to discovery, this goal will be frustrated.

Second, Plaintiffs will be forced to incur additional attorneys' fees unnecessarily by responding to discovery, to the prejudice of the Debtor's estate and its creditors. If this lawsuit had remained in federal district court, where voluntary dismissal motions can be granted without a hearing, Plaintiffs could have obtained a ruling on the Dismissal Motion with sufficient time to determine whether they must respond to discovery. Now that the lawsuit has been referred to bankruptcy court, however, Plaintiffs are in need of an expedited setting to ensure that the Dismissal Motion is ruled upon well-prior to the April 11 discovery deadline. Requiring the Debtor to unnecessarily incur attorneys' fees – which are priority administrative expenses –would be a waste of estate assets.

Third, Defendants appear to be attempting, in violation of section 362(a)(6), to obtain information they hope to eventually use in the Parallel Proceeding to collect a purported claim against the Debtor. *See* Response to Dismissal Motion ¶ 19 ("Defendants' Document Requests served on Plaintiffs on March 12, 2018, are virtually identical to the ones served by Channel (H) in the Related Action, because the issues raised in both actions are substantially the same."). Section 362(a)(6) is construed broadly and prohibits "[e]ventual, or even planned, collection of a debt[.]" *Trevino v. HSBC Mortg. Servs. (In re Trevino)*, 535 B.R. 110, 149 (Bankr. S.D. Tex. 2015). The Court should determine whether dismissal is appropriate before Plaintiffs must respond to discovery, not after.

Defendants will not suffer prejudice if an expedited setting is granted. Briefing with respect to the Dismissal Motion is complete. Therefore, Defendants will not be scrambling to prepare a response to the motion to be heard, as is often the case when an expedited setting is

requested. On the contrary, Defendants' Response to Dismissal Motion was filed on March 16.

Accordingly, Plaintiffs' request for an expedited setting should be granted.

## CERTIFICATE OF CONFERENCE

On March 22, 2018, Rafael Rodriguez, counsel for Plaintiffs, conferred via email with Brett Lewis, Justin Mercer, and Margaret Apgar, counsel for Defendants, to determine if Defendants are opposed to the expedited hearing requested by this motion. On March 23, 2018, Brett Lewis responded to Rafael Rodriguez's email and stated that Defendants are currently in the process of retaining bankruptcy counsel, that Defendants expect to retain bankruptcy counsel by "early next week," and that Defendants request that Plaintiffs hold off filing a motion for an expedited hearing until Defendants have had an opportunity to confer with bankruptcy counsel regarding the expedited hearing.

The Court should set the expedited hearing over Defendants' objection. First and most importantly, Plaintiffs require an expedited hearing no later than Thursday, March 29, to determine whether they must respond to Defendants' discovery. Second, the standard for voluntary dismissal of a lawsuit under Federal Rule of Bankruptcy Procedure 7041 is the same as under Federal Rule of Civil Procedure 41. The briefing with respect to the Dismissal Motion is complete, so it is unclear how Defendants would be prejudiced by an expedited setting, given the legal standard remains the same. The Debtor, however, will be prejudiced if it is forced to incur administrative expenses responding to discovery prior to a hearing on its request for voluntary dismissal. Third, Defendants have been aware of the Debtor's chapter 11 case since it was filed but are only now retaining bankruptcy counsel. One of the Defendants, Channel (H), Inc., filed a proof of claim on March 20 (Claim 1). In addition, Defendants' served the discovery at issue on March 12, 2018, five days after the petition date.

For these reasons, the Court should set the requested expedited hearing no later than March 29, 2018.

## RELIEF REQUESTED

For these reasons, Plaintiffs request that the Court set the Dismissal Motion for hearing no later than Thursday, March 29, 2018 and grant such further relief as the Court deems just and proper.

Dated: March 23, 2018.

Respectfully submitted,

*/s/ Matthias Kleinsasser*
Jeff P. Prostok
State Bar No. 16352500
Matthias Kleinsasser
State Bar No. 24071357
FORSHEY & PROSTOK LLP
777 Main St., Suite 1290
Fort Worth, Texas 76102
Telephone: 817-877-8855
Facsimile: 817-877-4151
jprostok@forsheyprostok.com
mkleinsasser@forsheyprostok.com

-and-

Rafael C. Rodriguez
State Bar No. 24081123
WINSTEAD PC
300 Throckmorton Street, Suite 1700
Fort Worth, Texas 76102
Telephone: (817) 420-8200
Facsimile: (817) 420-8201
rrodriguez@winstead.com

-and-

Bill Warren
State Bar No. 00786331
Ryan Roper
State Bar No. 24098347
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500

                                      Fort Worth, Texas 76102
                                      Telephone: (817) 332-2500
                                      Facsimile: (817) 878-9280
                                      bill.warren@kellyhart.com
                                      ryan.roper@kellyhart.com

                                      *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

On March 23, 2018, a true and correct copy of the foregoing document was served on the following counsel of record via email and U.S. First Class Mail:

Margaret Horton Apgar
THE APGAR FIRM PLLC
1914 Skillman Street
Suite 110-150
Dallas, Texas 75206
margaret@apgarfirm.com

Brett Evan Lewis
LEWIS & LIN LLC
45 Main Street, Suite 608
Brooklyn, New York 11201
brett@ilawco.com

*Attorneys for Defendants*

                                      */s/ Matthias Kleinsasser*